**FILED**
JUN 15 2021
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>vs.<br><br>DARRELL MARKEACE ANDERSON,<br>Defendant. | § § § § § § § § § § § | CRIMINAL NO. 1:21CR00116 LY<br><br>**I N D I C T M E N T**<br><br>[Ct. 1, 18 U.S.C. § 922(a)(1)(A), Engaging in the Business Without a License (Firearms)<br>Cts. 2-58, 18 U.S.C. § 924(a)(1)(A), False Statement During Purchase of Firearm] |

**Notice of Government's Demand for Forfeiture**

**THE GRAND JURY CHARGES:**

**COUNT ONE**

[18 U.S.C. § 922(a)(1)(A)]

*INTRODUCTION*

At all times relevant to this Indictment:

1. The Federal Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) is an agency of the United States government tasked with the responsibility of supervising, controlling, and licensing the sale of firearms.

2. A Federally Licensed Firearms (FFL) dealer is an individual or entity, who after submitting an application and undergoing an investigation by ATF, is then granted a license to sell certain firearms, and other controlled items. Federal firearms laws require anyone who is a dealer to obtain a federal firearms license. Private persons can sell firearms without a license,

provided they are not engaged in the business of selling firearms, such as the occasional sale of a portion of a personal firearms collection.

3. Pursuant to Title 18 U.S.C. § 921(a)(3), the term "firearm" means (A) any weapon (including a starter gun) which will or is designed to or may readily be converted to expel a projectile by the action of an explosive; (B) the frame or receiver of any such weapon; (C) any firearm muffler or firearm silencer; or (D) any destructive device. Such term does not include an antique firearm.

4. A person who is "engaged in the business of selling firearms" is "a person who devotes time, attention, and labor to dealing in firearms as a regular course of trade or business with the principal objective of livelihood and profit through the repetitive purchase and resale of firearms, but such term shall not include a person who makes occasional sales, exchanges, or purchases of firearms for the enhancement of a personal collection or for a hobby, or who sells all or part of his personal collection of firearms" 18 U.S.C. § 921(a)(21)(C).

5. An ATF Form 4473 is a document required to be completed by the actual buyer of a firearm from any FFL. The form explains that "[t]he information and certification on this form are designed so that a person licensed under 18 U.S.C. 923 may determine if he/she may lawfully sell or deliver a firearm to the person identified [], and to alert the transferee/buyer of certain restrictions on the receipt and possession of firearms."

6. The ATF Form 4473, Section B must be completed by the actual buyer and must contain, among other information, the name and residence address of the actual buyer, along with the assurance that the buyer is the actual buyer of the firearms and is not acquiring the firearm on behalf of another person. Private persons who sell an occasional firearm are not required to have the actual buyer complete an ATF Form 4473.

7. The ATF Form 4473 provides the following definitions of an "actual buyer" and dealer in firearms:

    a. Question 21.a Explanation, Form ATF 4473 (rev. May 2020): "For purposes of this form, a person is the actual transferee/buyer if he/she is purchasing the firearm for him/herself or otherwise acquiring the firearm for him/herself (e.g., redeeming the firearm from pawn, retrieving it from consignment, firearm raffle winner). A person is also the actual transferee/buyer if he/she is legitimately purchasing the firearm as

a bona fide gift for a third party. A gift is not bona fide if another person offered or gave the person completing the form money, service(s), or item(s) of value to acquire the firearm for him/her, or if the other person is prohibited by law from receiving or possessing the firearm."

b. Question 22 Explanation, Form ATF 4473 (rev. May 2020): "Under 18 U.S.C. 922(a)(1), it is unlawful for a person to engage in the business of dealing in firearms without a license. A person is engaged in the business of dealing in firearms if he/she devotes time, attention, and labor to dealing in firearms as a regular course of trade or business with the principal objective of livelihood and profit through the repetitive purchase and resale of firearms. A license is not required of a person who only makes occasional sales, exchanges, or purchases of firearms for the enhancement of a personal collection or for a hobby, or who sells all or part of his/her personal collection of firearms."

8. The ATF Form 4473 includes the following questions the buyer must answer before an FFL may sell or transfer the firearm to the buyer:

a. Question 21.a: "Are you the actual transferee/buyer of the firearms(s) listed on this form and any continuation sheet(s) (ATF Form 5300.9A)? Warning: You are not the actual transferee/buyer if you are acquiring the firearm(s) on behalf of another person. If you are not the actual transferee/buyer, the licensee cannot transfer the firearm(s) to you. Exception: If you are only picking up a repaired firearm(s) for another person, you are not required to answer 21.a and may proceed to question 21.b." The ATF Form 4473 was revised in May 2020. In the prior version of the Form 4473, revised in October 2016, Question 21.a was Question 11.a.

b. Question 22 requires the transferee or buyer to sign ATF Form 4473. This question also provides the following warning: "I understand that answering 'yes' to question 21.a if I am not the actual transferee/buyer is a crime punishable as a felony under Federal law, and may also violate State and/or local law."

9. It is a federal crime to intentionally make material false statements on an ATF Form 4473 when making a firearms purchase.

## *THE OFFENSE*

Beginning on or about May 2020, and continuing to and including on or about May 26, 2021, in the Western District of Texas, and elsewhere, the defendant,

DARRELL MARKEACE ANDERSON,

not being a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, did willfully engage in the business of dealing in firearms:

1. During the period covered by this indictment, DARRELL MARKEACE ANDERSON entered into a scheme to purchase multiple firearms from several sources including private sellers, local gun stores, and from sellers he dealt with over the internet. ANDERSON re-sold those firearms to other persons via internet sales postings, text messages, Snapchat, and through direct, face to face sales for a profit. ANDERSON claimed he received discounts and clearance prices from certain FFL employees. He used a variety of internet web sites to locate, purchase and sell firearms, including, but not limited to, Texas Gun Trader, Austin Gun List, and others known and unknown to the grand jury.

2. Between October 2020 and February 2021, ANDERSON posted at least twenty-five (25) classified ads relating to the sale of firearms and firearm accessories for sale on one site alone, Texasguntrader.com. Between May 18, 2020 and March 31, 2021, ANDERSON exchanged four-hundred thirty (430) messages with various Texasguntrader.com users.

3. ANDERSON also actively communicated with persons seeking firearms about the benefits and features of various models in his efforts to sell the items for a profit.

4. During the time period covered by this indictment, ANDERSON purchased at least one-hundred twenty-six (126) firearms, all of which traveled in interstate commerce. For the majority of his online transactions, he advertised firearms to third parties within three days or less of purchasing them from FFLs. At the FFLs, ANDERSON nevertheless indicated that he was the actual buyer of the firearms on the required Form 4473s, which was false since it was his intention at the time of the purchase to sell the firearm immediately to a third party, for profit. ANDERSON sold one customer over 70 firearms.

All in violation of Title 18, United States Code, Sections 922(a)(1)(A), 923(a), and 924(a)(1)(D).

## COUNTS TWO through FIVE
[18 U.S.C. § 924(a)(1)(A)]

The Introduction of this Indictment is hereby incorporated by reference as if fully set forth herein.

On or about July 13, 2020; August 3, 2020; September 30, 2020; and October 13, 2020, in the Western District of Texas, the defendant,

DARRELL MARKEACE ANDERSON,

knowingly made a false statement and representation to Red's Indoor Range, a federally licensed firearms dealer under the provisions of Chapter 44 of Title 18, United States Code, with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of Red's Indoor Range, in that the defendant did execute an ATF Form 4473, Firearms Transaction Record, stating that he was the actual buyer of the firearms, when in truth and in fact he was not the actual buyer, in violation of Title 18, United States Code, Section 924(a)(1)(A).

## COUNTS SIX through EIGHT
[18 U.S.C. § 924(a)(1)(A)]

The Introduction of this Indictment is hereby incorporated by reference as if fully set forth herein.

On or about June 29, 2020; October 11, 2020; and October 16, 2020, in the Western District of Texas, the defendant,

### DARRELL MARKEACE ANDERSON,

knowingly made a false statement and representation to Shady Oaks Gun Range, a federally licensed firearms dealer under the provisions of Chapter 44 of Title 18, United States Code, with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of Shady Oaks Gun Range, in that the defendant did execute an ATF Form 4473, Firearms Transaction Record, stating that he was the actual buyer of the firearms, when in truth and in fact he was not the actual buyer, in violation of Title 18, United States Code, Section 924(a)(1)(A).

## COUNT NINE
[18 U.S.C. § 924(a)(1)(A)]

The Introduction of this Indictment is hereby incorporated by reference as if fully set forth herein.

On or about July 11, 2020, in the Western District of Texas, the defendant,

### DARRELL MARKEACE ANDERSON,

knowingly made a false statement and representation to Ellis County Firearms, a federally licensed firearms dealer under the provisions of Chapter 44 of Title 18, United States Code, with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of Ellis County Firearms, in that the defendant did execute an ATF Form 4473, Firearms Transaction Record, stating that he was the actual buyer of the firearms, when in truth

and in fact he was not the actual buyer, in violation of Title 18, United States Code, Section 924(a)(1)(A).

## COUNT TEN
[18 U.S.C. § 924(a)(1)(A)]

The Introduction of this Indictment is hereby incorporated by reference as if fully set forth herein.

On or about August 9, 2020, in the Western District of Texas, the defendant,

DARRELL MARKEACE ANDERSON,

knowingly made a false statement and representation to Gun Addicted, a federally licensed firearms dealer under the provisions of Chapter 44 of Title 18, United States Code, with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of Gun Addicted, in that the defendant did execute an ATF Form 4473, Firearms Transaction Record, stating that he was the actual buyer of the firearms, when in truth and in fact he was not the actual buyer, in violation of Title 18, United States Code, Section 924(a)(1)(A).

## COUNTS ELEVEN through TWENTY
[18 U.S.C. § 924(a)(1)(A)]

The Introduction of this Indictment is hereby incorporated by reference as if fully set forth herein.

On or about August 6, 2020; August 12, 2020; August 24, 2020; September 28, 2020; September 29, 2020; October 2, 2020; October 4, 2020; October 14, 2020; October 26, 2020; and November 10, 2020, in the Western District of Texas, the defendant,

DARRELL MARKEACE ANDERSON,

knowingly made a false statement and representation to Shoot Point Blank, a federally licensed firearms dealer under the provisions of Chapter 44 of Title 18, United States Code, with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in

the records of Shoot Point Blank, in that the defendant did execute an ATF Form 4473, Firearms Transaction Record, stating that he was the actual buyer of the firearms, when in truth and in fact he was not the actual buyer, in violation of Title 18, United States Code, Section 924(a)(1)(A).

## COUNTS TWENTY-ONE through THIRTY-ONE
[18 U.S.C. § 924(a)(1)(A)]

The Introduction of this Indictment is hereby incorporated by reference as if fully set forth herein.

On or about June 24, 2020; July 7, 2020; September 3, 2020; September 15, 2020; October 4, 2020; November 5, 2020; November 14, 2020; December 12, 2020; February 5, 2021; April 1, 2021; and May 3, 2021, in the Western District of Texas, the defendant,

DARRELL MARKEACE ANDERSON,

knowingly made a false statement and representation to Shady Oaks Gun Range, a federally licensed firearms dealer under the provisions of Chapter 44 of Title 18, United States Code, with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of Shady Oaks Gun Range, in that the defendant did execute an ATF Form 4473, Firearms Transaction Record, stating that he was the actual buyer of the firearms, when in truth and in fact he was not the actual buyer, in violation of Title 18, United States Code, Section 924(a)(1)(A).

## COUNT THIRTY-TWO
[18 U.S.C. § 924(a)(1)(A)]

The Introduction of this Indictment is hereby incorporated by reference as if fully set forth herein.

On or about November 19, 2020, in the Western District of Texas, the defendant,

DARRELL MARKEACE ANDERSON,

knowingly made a false statement and representation to Academy Sports #121, a federally licensed firearms dealer under the provisions of Chapter 44 of Title 18, United States Code, with respect to

information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of Academy Sports #121, in that the defendant did execute an ATF Form 4473, Firearms Transaction Record, stating that he was the actual buyer of the firearms, when in truth and in fact he was not the actual buyer, in violation of Title 18, United States Code, Section 924(a)(1)(A).

## COUNT THIRTY-THREE
[18 U.S.C. § 924(a)(1)(A)]

The Introduction of this Indictment is hereby incorporated by reference as if fully set forth herein.

On or about November 7, 2020, in the Western District of Texas, the defendant,

DARRELL MARKEACE ANDERSON,

knowingly made a false statement and representation to Academy Sports #25, a federally licensed firearms dealer under the provisions of Chapter 44 of Title 18, United States Code, with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of Academy Sports #25, in that the defendant did execute an ATF Form 4473, Firearms Transaction Record, stating that he was the actual buyer of the firearms, when in truth and in fact he was not the actual buyer, in violation of Title 18, United States Code, Section 924(a)(1)(A).

## COUNT THIRTY-FOUR
[18 U.S.C. § 924(a)(1)(A)]

The Introduction of this Indictment is hereby incorporated by reference as if fully set forth herein.

On or about October 26, 2020, in the Western District of Texas, the defendant,

DARRELL MARKEACE ANDERSON,

knowingly made a false statement and representation to Academy Sports #22, a federally licensed firearms dealer under the provisions of Chapter 44 of Title 18, United States Code, with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in

the records of Academy Sports #22, in that the defendant did execute an ATF Form 4473, Firearms Transaction Record, stating that he was the actual buyer of the firearms, when in truth and in fact he was not the actual buyer, in violation of Title 18, United States Code, Section 924(a)(1)(A).

## COUNT THIRTY-FIVE
[18 U.S.C. § 924(a)(1)(A)]

The Introduction of this Indictment is hereby incorporated by reference as if fully set forth herein.

On or about October 18, 2020, in the Western District of Texas, the defendant,

### DARRELL MARKEACE ANDERSON,

knowingly made a false statement and representation to Bass Pro Shops #83, a federally licensed firearms dealer under the provisions of Chapter 44 of Title 18, United States Code, with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of Bass Pro Shops #83, in that the defendant did execute an ATF Form 4473, Firearms Transaction Record, stating that he was the actual buyer of the firearms, when in truth and in fact he was not the actual buyer, in violation of Title 18, United States Code, Section 924(a)(1)(A).

## COUNTS THIRTY-SIX through FIFTY
[18 U.S.C. § 924(a)(1)(A)]

The Introduction of this Indictment is hereby incorporated by reference as if fully set forth herein.

On or about June 3, 2020; June 23, 2020; July 10, 2020; July 23, 2020; July 25, 2020; July 27, 2020; August 30, 2020; October 8, 2020; October 22, 2020; October 25, 2020; October 30, 2020; November 4, 2020; November 11, 2020; November 24, 2020; February 11, 2021, in the Western District of Texas, the defendant,

### DARRELL MARKEACE ANDERSON,

knowingly made a false statement and representation to Red's Indoor Range, a federally licensed firearms dealer under the provisions of Chapter 44 of Title 18, United States Code, with respect to

information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of Red's Indoor Range, in that the defendant did execute an ATF Form 4473, Firearms Transaction Record, stating that he was the actual buyer of the firearms, when in truth and in fact he was not the actual buyer, in violation of Title 18, United States Code, Section 924(a)(1)(A).

## COUNT FIFTY-ONE
[18 U.S.C. § 924(a)(1)(A)]

The Introduction of this Indictment is hereby incorporated by reference as if fully set forth herein.

On or about January 9, 2021, in the Western District of Texas, the defendant,

DARRELL MARKEACE ANDERSON,

knowingly made a false statement and representation to Mr X Tactical, a federally licensed firearms dealer under the provisions of Chapter 44 of Title 18, United States Code, with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of Mr X Tactical, in that the defendant did execute an ATF Form 4473, Firearms Transaction Record, stating that he was the actual buyer of the firearms, when in truth and in fact he was not the actual buyer, in violation of Title 18, United States Code, Section 924(a)(1)(A).

## COUNT FIFTY-TWO
[18 U.S.C. § 924(a)(1)(A)]

The Introduction of this Indictment is hereby incorporated by reference as if fully set forth herein.

On or about March 15, 2021, in the Western District of Texas, the defendant,

DARRELL MARKEACE ANDERSON,

knowingly made a false statement and representation to Cabela's #448, a federally licensed firearms dealer under the provisions of Chapter 44 of Title 18, United States Code, with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of Cabela's #448, in that the defendant did execute an ATF Form 4473, Firearms

Transaction Record, stating that he was the actual buyer of the firearms, when in truth and in fact he was not the actual buyer, in violation of Title 18, United States Code, Section 924(a)(1)(A).

## COUNT FIFTY-THREE
[18 U.S.C. § 924(a)(1)(A)]

The Introduction of this Indictment is hereby incorporated by reference as if fully set forth herein.

On or about March 23, 2021, in the Western District of Texas, the defendant,

### DARRELL MARKEACE ANDERSON,

knowingly made a false statement and representation to Academy Sports #123, a federally licensed firearms dealer under the provisions of Chapter 44 of Title 18, United States Code, with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of Academy Sports #123, in that the defendant did execute an ATF Form 4473, Firearms Transaction Record, stating that he was the actual buyer of the firearms, when in truth and in fact he was not the actual buyer, in violation of Title 18, United States Code, Section 924(a)(1)(A).

## COUNT FIFTY-FOUR
[18 U.S.C. § 924(a)(1)(A)]

The Introduction of this Indictment is hereby incorporated by reference as if fully set forth herein.

On or about April 18, 2021, in the Western District of Texas, the defendant,

### DARRELL MARKEACE ANDERSON,

knowingly made a false statement and representation to Academy Sports #45, a federally licensed firearms dealer under the provisions of Chapter 44 of Title 18, United States Code, with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of Academy Sports #45, in that the defendant did execute an ATF Form 4473, Firearms

Transaction Record, stating that he was the actual buyer of the firearms, when in truth and in fact he was not the actual buyer, in violation of Title 18, United States Code, Section 924(a)(1)(A).

## COUNT FIFTY-FIVE
[18 U.S.C. § 924(a)(1)(A)]

The Introduction of this Indictment is hereby incorporated by reference as if fully set forth herein.

On or about May 20, 2021, in the Western District of Texas, the defendant,

### DARRELL MARKEACE ANDERSON,

knowingly made a false statement and representation to Strategic Dynamic International Corp., a federally licensed firearms dealer under the provisions of Chapter 44 of Title 18, United States Code, with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of Strategic Dynamic International Corp., in that the defendant did execute an ATF Form 4473, Firearms Transaction Record, stating that he was the actual buyer of the firearms, when in truth and in fact he was not the actual buyer, in violation of Title 18, United States Code, Section 924(a)(1)(A).

## COUNT FIFTY-SIX
[18 U.S.C. § 924(a)(1)(A)]

The Introduction of this Indictment is hereby incorporated by reference as if fully set forth herein.

On or about December 5, 2020, in the Western District of Texas, the defendant,

### DARRELL MARKEACE ANDERSON,

knowingly made a false statement and representation to Top Cash #2, a federally licensed firearms dealer under the provisions of Chapter 44 of Title 18, United States Code, with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of Top Cash #2, in that the defendant did execute an ATF Form 4473, Firearms

Transaction Record, stating that he was the actual buyer of the firearms, when in truth and in fact he was not the actual buyer, in violation of Title 18, United States Code, Section 924(a)(1)(A).

## COUNTS FIFTY-SEVEN through FIFTY-EIGHT
[18 U.S.C. § 924(a)(1)(A)]

The Introduction of this Indictment is hereby incorporated by reference as if fully set forth herein.

On or about May 23, 2020, and October 2, 2020, in the Western District of Texas, the defendant,

DARRELL MARKEACE ANDERSON,

knowingly made a false statement and representation to Elite Guns, a federally licensed firearms dealer under the provisions of Chapter 44 of Title 18, United States Code, with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of Elite Guns, in that the defendant did execute an ATF Form 4473, Firearms Transaction Record, stating that he was the actual buyer of the firearms, when in truth and in fact he was not the actual buyer, in violation of Title 18, United States Code, Section 924(a)(1)(A).

## I.
### Firearms Violations and Forfeiture
### Statutes

[Title 18 U.S.C. § 922(a)(1)(A), subject to forfeiture pursuant to Title 18 U.S.C. § 924(d)(1), made applicable to criminal forfeiture by Title 28 U.S.C. § 2461(c)]

and

[Title 18 U.S.C. § 924(a)(1)(A), subject to forfeiture pursuant to Title 18 U.S.C. § 924(d)(1), made applicable to criminal forfeiture by Title 28 U.S.C. § 2461(c)]

As a result of the foregoing criminal violations set forth in Counts One through Fifty-Eight, the United States of America gives notice to the Defendant of its intent to seek the forfeiture of property, including the items listed below, upon conviction and as part of sentencing pursuant to Fed. R. Crim. P. 32.2, Title 18 U.S.C. § 924(d)(1), Title 18 U.S.C. § 924(d)(3)(C), and Title 26 U.S.C. § 5872(a) (all made applicable to criminal forfeiture by Title 28 U.S.C. § 2461(c)), which state the following:

**Title 18 U.S.C. § 924. Penalties**

**(d)(1)** Any firearm or ammunition involved in or used in any knowing violation of subsection (a)(4), (a)(6), (f), (g), (h), (i), (j), or (k) of section 922, or knowing importation or bringing into the United States or any possession thereof any firearm or ammunition in violation of section 922(T), or knowing violation of section 924, shall be subject to seizure and forfeiture under the provisions of this chapter...

**(d)(3)(C)** any offense described in section 922(a)(1), 922(a)(3), 922(a)(5), or 922(b)(3) of this title, where the firearm or ammunition intended to be used in any such offense is involved in a pattern of activities which includes a violation of any offense described in section 922(a)(1), 922(a)(3), 922(a)(5), or 922(b)(3) of this title ....

**Title 26 U.S.C. § 5872(a). Forfeitures**

(a) **Laws applicable.**—Any firearm involved in any violation of the provisions of this chapter shall be subject to seizure and forfeiture ...

This Notice for Demand for Forfeiture includes, but is not limited to the properties described below in Paragraph II.

### Notice of United States of America's Demand for Forfeiture [*See* Fed. R. Crim. P. 32.2]

## II.
## Properties

1. A Sig Sauer P320 9mm Pistol, SN FCU335689
2. A Glock GMBH 21 .45 Pistol, SN NLZ443
3. A Glock 19X 9mm Pistol, SN BTRL302
4. A Polymer 80 Inc. P80 Receiver
5. 171 Rounds of Assorted Ammunition
6. Any and all firearms, ammunition, and/or accessories involved in or used in the commission of the criminal offense.

A TRUE BILL:

SIGNATURE REDACTED PURSUANT TO E-GOVERNMENT ACT OF 2002
FOREPERSON

ASHLEY C. HOFF
United States Attorney

By: _____
Kathryn Cherry
Assistant United States Attorney